**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOSEPH GOODLY, on behalf of himself and other persons similarly situated<br><br>v.<br><br>CHECK-6 INC., YAREMA SOS, BRIAN BRURUD, DENNIS ROMANO, S. ERIC BENSON, LAURA OWEN, and JOHN DILLON | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAG. JUDGE |

## COLLECTIVE ACTION COMPLAINT

1.  This is a collective action brought by Plaintiff Joe Goodly, on behalf of himself and all others similarly situated, to recover overtime compensation from his former employer Check-6 Inc. ("Check-6") and Check-6's directors Yarema Sos, Brian Brurud, Dennis Romano, S. Eric Benson, Laura Owen, and John Dillon (collectively referred to as "Defendants").

2.  Defendants employed individuals in positions paid on a "day rate" basis. Plaintiff and the similarly-situated employees routinely work more than forty (40) hours in a workweek, but are not paid an overtime premium for any of their overtime hours.

3.  Plaintiff brings this action as an opt-in collective action on behalf of themselves and all similarly-situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

1

5. Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, Plaintiff worked in this district for Defendant, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

6. Plaintiff, Joseph Goodly ("Goodly"), resides in Louisiana and was employed by Defendants as a "Coach" from approximately August 2014 through August 2015.

7. Plaintiff brings this collective action on behalf of himself and all other similarly situated individuals nationwide (the "FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective are current and former employees of Check-6 within the meaning of the FLSA, paid on a "day rate", across the country within three years of the date this Complaint was filed.  See 29 U.S.C. § 255(a).

### Defendants

8. Defendant, Check-6 Inc., is a Delaware corporation doing business in Louisiana with its principal business establishment in St. Tammany Parish, State of Louisiana.

9. Defendant, Yarema Sos, is an individual and director of Check-6.  Mr. Sos may be served with process by delivering a copy of the Summons and Complaint to him at his office located at 201 S. Denver Avenue, Suite 306, Tulsa , OK 74103, or wherever he may be found.

10. Defendant, Brian Brurad, is an individual and director of Check-6.  Mr. Brurad may be served with process by delivering a copy of the Summons and Complaint to him at his

office located at 201 S. Denver Avenue, Suite 306, Tulsa , OK 74103, or wherever he may

be found.

11. Dennis Romano, is an individual and director of Check-6.  Mr. Romano may be served

with process by delivering a copy of the Summons and Complaint to him at his office

located at 201 S. Denver Avenue, Suite 306, Tulsa , OK 74103, or wherever he may be

found.

12. S. Eric Benson, is an individual and director of Check-6.  Mr. Benson may be served with

process by delivering a copy of the Summons and Complaint to him at his office located at

201 S. Denver Avenue, Suite 306, Tulsa , OK 74103, or wherever he may be found.

13. Laura Owen, is an individual and director of Check-6.  Ms. Owen may be served with

process by delivering a copy of the Summons and Complaint to him at his office located at

201 S. Denver Avenue, Suite 306, Tulsa , OK 74103, or wherever he may be found.

14. John Dillon, is an individual and director of Check-6.  Mr. Dillon may be served with

process by delivering a copy of the Summons and Complaint to him at his office located at

201 S. Denver Avenue, Suite 306, Tulsa , OK 74103, or wherever he may be found.

## INDIVIDUAL LIAIBLITY

15. At all relevant times, Mr. Sos, Mr. Brurud, Mr. Romano, Mr. Benson, Ms. Owen, and Mr.

Dillon acted and act directly in the interests of Check-6 in relation to its employees.  Thus,

they were and are an employer of the Plaintiff and others similarly situated, within the

meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and are jointly, severally, and

individually liable along with Check-6.

16. At all relevant times, Mr. Sos Mr. Brurud, Mr. Romano, Mr. Benson, Ms. Owen, and Mr. Dillon maintained executive authority over the "day rate" jobs Plaintiff and FLSA Collective were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

17. At all relevant times, Check-6 is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203(d) and has gross volume of sales in excess of $500,000.

18. Check-6 maintained a practice of unlawfully employing some "day rate" workers as "1099 employees," "consultants," or "independent contractors,". These "day rate" workers were termed "Coaches" and all worked under Defendants' exclusive direction and control and were all subject to the same unlawful pay practice.

19. Plaintiff and the FLSA Collective are individuals who were or are employed by Defendants and paid a "day rate" (a set amount paid for each day worked) with no overtime pay for hours worked over forty (40) in a work week.

20. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows: *All persons who worked for Check-6 and were paid a "day rate" at any time since three years prior to the filing of this Complaint*.

21. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff' signed consent form is attached as Exhibit 1.

22. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

23. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours a work week without receiving overtime compensation for their overtime hours worked.

24. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its "day rate" employees overtime compensation.  Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

25. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.  Accordingly, notice should be sent to the FLSA Collective.  There are numerous similarly-situated individuals who worked for Check-6 who suffered from Defendants' practice of denying overtime pay to "day rate" workers and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated workers are known to Defendants and are readily identifiably through Defendants' records.

**CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

26. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

27. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees additional compensation for all hours worked over forty (40) hours per work week.  More specifically, the FLSA requires that employees paid on a "day rate" basis receive this overtime pay.  29 C.F.R. § 778.112.

5

28. Defendants permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a work week without overtime compensation.

29. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

30. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 225(a).  Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective, prays for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendants violated the overtime provisions of the FLSA;

D. A finding that Defendants' violations of the FLSA were willful;

E.  Judgment against Defendants in the amount of Plaintiff's and the FLSA Collective's unpaid back wages at the applicable rates;

F.  An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

G.  An award of attorneys' fees and costs incurred in prosecuting this action;

H.  Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.  Leave to amend to add state law claims; and

J.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

DATED: March 4, 2016

Respectfully submitted:

CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM &
HAYES, LLP

*/s/ George B. Recile*

_____
GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
MATTHEW A. SHERMAN (#32687)
PATRICK R. FOLLETTE (#34547)
BARRY W. SARTIN (#34075)
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
Telephone: 504.833.5600
Facsimile: 504.833.8080
Attorneys for Plaintiff an FLSA Collective

7