UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSEPH GOODLY, on behalf of himself and other persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 16-CV-00334-GKF-PJC |
| (1) CHECK-6 INC., (2) YAREMA SOS, (3) BRIAN BRURUD, (4) DENNIS ROMANO, (5) S. ERIC BENSON, (6) LAURA OWEN, and (7) JOHN DILLON, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Check-6, Inc., Yarema Sos, Brian Brurud, Dennis Romano, S. Eric Benson, Laura Owen and John Dillon ("Defendants"), deny each and every material allegation contained in the Collective Action Complaint ("Complaint") filed by Plaintiff, Joseph Goodly ("Plaintiff"), unless specifically admitted herein, and further allege and state:

1.      Defendants are not required to respond to the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, deny the same.

2.      Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendants are not required to respond to the allegations contained in Paragraph 3 of Plaintiff's Complaint, and, therefore, deny the same.

1

4.      Regarding the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants admit jurisdiction over this case is proper in the United States District Court for the Northern District of Oklahoma.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.[1]

6.      Regarding the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff's residence, and, therefore, deny the same.  Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Regarding the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendants deny Plaintiff was an employee of Defendants.  Defendants are not required to respond to the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint, and, therefore, deny the same.

8.      Regarding the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendants admit Defendant Check 6, Inc. ("Check 6") is a Delaware corporation.  Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Regarding the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendants admit Defendant Yarema Sos is an individual and director of Check 6.  Defendants are not required to respond to the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

10.      Regarding the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendants admit Defendant Brian Brurud is an individual and director of Check 6.  Defendants

---

[1] On June 1, 2016, the Honorable Judge Carl. J. Barbier of the United States District Court for the Eastern District of Louisiana issued an Order [Dkt. No. 17] granting Defendants Motion to Transfer this case to this Court.

are not required to respond to the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

11.     Regarding the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendants admit Defendant Dennis Romano is an individual and although not currently a director of Check-6, was a director of Check 6 during the time Plaintiff performed services for Check-6.  Defendants are not required to respond to the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

12.     Regarding the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendants admit Defendant S. Eric Benson is an individual and although not currently a director of Check-6, was a director of Check 6 during the time Plaintiff performed services for Check-6.  Defendants are not required to respond to the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

13.     Regarding the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants admit Defendant Laura Owen is an individual and director of Check 6.  Defendants are not required to respond to the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

14.     Regarding the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendants admit Defendant John Dillon is an individual and director of Check 6.  Defendants are not required to respond to the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

15.     Regarding the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendants admit Mr. Sos, Mr. Brurud, Mr. Romano, Mr. Benson, Ms. Owen, and Mr. Dillon, in their roles as directors, acted in the best interests of Check 6.  Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants are not required to respond to the allegations contained in Paragraph 17 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, deny the same.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants are not required to respond to the allegations contained in Paragraph 20 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, deny the same.

21.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, deny the same.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants are not required to respond to the allegations contained in Paragraph 26 of Plaintiff's Complaint, and, therefore, deny the same.

27.     Defendants are not required to respond to the allegations contained in Paragraph 27 of Plaintiff's Complaint as they call for legal conclusions, and, therefore, Defendants deny the same.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny Plaintiff or the alleged "FLSA Collective[2]" are entitled to the relief requested in the unnumbered Paragraph immediately following Paragraph 31 of Plaintiff's Complaint.  Defendants further deny Plaintiff or the alleged "FLSA Collective" are entitled to the relief requested in Paragraphs A through J immediately following the unnumbered Paragraph of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff and the alleged "FLSA Collective" were not employees of Defendants.

---

[2] Defendants also deny that, outside of Plaintiff, there are any members of the alleged "FLSA Collective."

3.      Plaintiff and the alleged "FLSA Collective" have been fully compensated for all work performed for Defendants.

4.      Plaintiff and the alleged "FLSA Collective" have no recoverable damages.

5.      Plaintiff and the alleged "FLSA Collective" failed to mitigate their damages, if any.

6.      Defendants reserve the right to amend their Answer and/or Affirmative Defenses as discovery merits.

WHEREFORE, having fully answered, Defendants pray Plaintiff's Complaint be dismissed, that Plaintiff and the alleged "FLSA Collective" take nothing by way of Plaintiff's Complaint, and that Defendants be awarded costs and attorneys' fees accrued in defense of this action, and for all other relief this Court deems just and equitable.

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION

By:*/s/ W. Kirk Turner*
        W. Kirk Turner, OBA #13791
        Jacob S. Crawford, OBA # 31031
        15 West 6th Street, Suite 2700
        Tulsa, Oklahoma 74119
        (918) 587-0101
        (918) 587-0102 (facsimile)
        kturner@newtonoconnor.com
        jcrawford@newtonoconnor.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

☒      I hereby certify that on <u>July 18, 2016</u>, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeffery A. Taylor, Esq.

☒      I hereby certify that on <u>July 18 , 2016</u>, I served the foregoing document by mail on the following, who are not registered participants of the ECF System:

George Brian Recile, Esq.
Barry William Sartin, Jr., Esq.
Matthew Arthur Sherman, Esq.
Patrick R. Follette, Esq.
Preston Lee Hayes, Esq.
Chehardy, Sherman, Ellis, Murray, Recile,
  Stakelum & Hayes, LLP
One Galleria Blvd., Ste 1100
Metairie, LA 70001

*/s/ W. Kirk Turner*
W. Kirk Turner