IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH GOODLY, on behalf of himself and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHECK-6, INC.;<br>YAREMA SOS;<br>BRIAN BRURUD;<br>DENNIS ROMANO;<br>S. ERIC BENSON;<br>LAURA OWEN; and<br>JOHN DILLON,<br><br>Defendants. | Case No. 16-CV-334-GKF-JFJ |

## OPINION AND ORDER

Before the Court are Defendants' Motions for Sanctions (ECF Nos. 180, 187), which request sanctions under Federal of Civil Procedure Rule 37(d)(3) based on twelve opt-in Plaintiffs' failures to appear for noticed depositions.[1] United States District Judge Gregory Frizzell referred the Motions for Sanctions to the undersigned.[2] Also before the Court is Defendants' Motion to Compel (ECF No. 174), which requests that the Court compel production of written discovery and impose sanctions. The Motion to Compel was automatically referred to the undersigned pursuant to Northern District of Oklahoma Local Rule 37.2(a).

---

[1] The Court refers to opt-in Plaintiffs as "Plaintiffs" for ease of reference throughout this Opinion and Order.

[2] The Court enters an Opinion and Order rather than a Report and Recommendation because the recommended sanction is not dispositive of Plaintiffs' claims. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").

I.   **Factual Background**

On November 4, 2016, Judge Frizzell conditionally certified this case as a Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b).  On August 28, 2017, Defendants noticed depositions of the named Plaintiff and eighteen opt-in Plaintiffs.  On August 29, 2017, Plaintiffs moved for a protective order requesting that discovery be conducted only of the named Plaintiff or that the Court permit a representative sampling of discovery.  *See* ECF No. 119-1. During a hearing on September 28, 2017, the Court denied Plaintiffs' motion for protective order and authorized Defendants to conduct individualized depositions and written discovery of all opt-in Plaintiffs.  The Court granted Defendants' request to take depositions in Tulsa, Oklahoma, where the lawsuit is pending.

On October 12, 2017, Defendants proposed new dates for all depositions.  Plaintiffs agreed to deposition dates for six Plaintiffs.  On October 25, 2017, the Court conducted an expedited hearing regarding two upcoming depositions.  The Court granted Plaintiffs' requested relief regarding those depositions and instructed Defendants' counsel to accommodate Plaintiffs' schedules going forward.[3]  By November 3, 2017, Plaintiffs had proposed deposition dates for seven total Plaintiffs.

After failing to receive alternate dates for other Plaintiffs and threatening Plaintiffs' counsel that notices would follow, Defendants sent deposition notices on November 10, 2017. Finally, on November 20, 2017, Plaintiffs sent a letter providing dates in January for several

---

[3] The Court listened to a recording of this hearing.  The Court stated that Defendants successfully advocated for "individualized discovery of all these Plaintiffs" and for "having them come to Tulsa," and that "it's just going to be on you [Defendants] to work with the Plaintiffs' attorneys on getting them here."  The Court told Defendants' counsel "it might not be in the exact order you want; it might not be at the times you want."  The Court reiterated its expectation that Defendants' counsel "be very reasonable on scheduling these Plaintiffs."

remaining Plaintiffs and discussing logistical problems with a few others. On November 25, 2017, Defendants sent a letter refusing to move the noticed depositions or conduct video deposition of foreign Plaintiffs. Defendants stated the proposed dates were too close to the discovery deadline, which was then January 18, 2018. Plaintiffs did not file motions to quash or for protective orders, and Defendants conducted twelve no-show depositions.

In early December, Defendants moved to compel written discovery and for sanctions against five non-appearing Plaintiffs. Plaintiffs moved for an expedited a status conference. Judge Frizzell conducted a status conference on December 13, 2017, and granted a sixty-day discovery extension, resulting in a March 19, 2018 discovery deadline. Defendants moved for sanctions against seven other non-appearing Plaintiffs. The Court entered a minute order *sua sponte* permitting Plaintiffs to file two response briefs out of time and setting all three motions for hearing.[4] The Court conducted a hearing on January 23, 2018.

## II. Motions for Sanctions

Federal Rule of Civil Procedure 37(d)(1)(A) permits a court to order sanctions where a party fails, after being served with proper notice, to appear for his deposition. Rule 37(d)(2) provides that failure to attend a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order." Fed. R. Civ. P. 37(d)(2); *see also Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1318 (N.D. Okla. 2006) (party noticed for deposition on date he could not attend "was required to take some action to stay the deposition until the parties, with or without the Court's assistance, could resolve the dispute"). Rule 37(d)(3) permits all sanctions listed in Rule 37(b)(2)(A)(i)-(vii) and/or the

---

[4] Defendants' Objection to this Order is pending before Judge Frizzell. Pursuant to Local Rule 37.2(a), the Court's Orders remain in effect until reversed or modified.

3

payment of reasonable expenses and attorneys' fees. Sanctions may be applied against opt-in Plaintiffs in FLSA actions who fail to participate in court-ordered discovery. *See generally Porter v. W. Side Rest., LLC*, No. 13-1112-JAR-KGG, 2014 WL 5430249, at *2 (D. Kan. Oct. 24, 2014) (dismissing claims of opt-in plaintiffs as sanction for failure to appear for depositions); *Gordon v. Kaleida Health*, No. 08-CV-378S F, 2013 WL 2250431, at *4 (W.D.N.Y. May 21, 2013) (dismissing claims against "non-responsive" FLSA opt-in plaintiffs as sanction for failure to provide written discovery). In this case, Defendants request dismissal with prejudice, or, alternatively, reasonable attorneys' fees and costs incurred in preparing for and attending depositions and filing the Motions for Sanctions.

### A.  Dismissal

Before imposing the sanction of dismissal,

> a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the [movant]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted). Although this list of factors does not establish a "rigid test," a court should evaluate any other relevant factors on the record. *Id.* Dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.* Due to the harshness of a dismissal sanction, the violation must be predicated upon willfulness, bad faith, or some fault of the party rather than inability to comply. *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

Dismissal is not warranted for three principal reasons. First, lesser sanctions would cure any minimal prejudice suffered by Defendants. Based on the extended deadlines, there remains

4

time to conduct the depositions within the discovery period. Although Defendants desired to conduct the depositions thirty days prior to the discovery deadline, this is not guaranteed by the rules. At the hearing, Defendants argued they may suffer prejudice if they learn of new affirmative defenses during the depositions but are out of time to amend pleadings. The deadline for motions to amend expired August 24, 2016. Judge Frizzell denied Defendants' two prior motions to amend, *see* ECF Nos. 147, 195, including one based on Plaintiff Schmitt's deposition testimony. It is entirely speculative that any amendment would have been permitted if depositions took place as noticed.

Second, Defendants failed to show these Plaintiffs refused to be deposed or were otherwise culpable for their non-appearances. Many Plaintiffs offered alternate dates after the deposition notices were sent. According to Plaintiffs' counsel, the remaining Plaintiffs are prepared to propose new deposition dates within the discovery deadline. In addition, Plaintiffs were not previously warned by the Court that dismissal was a possible sanction for failing to appear.

Finally, both parties bear some responsibility for disruption of the judicial process. Plaintiffs failed to propose alternate dates for these Plaintiffs until after deposition notices were sent. Plaintiffs then failed to file motions to quash or seek other relief upon receipt of counsel's November 25, 2017 letter, or anytime over the extended period that Defendants proceeded with the depositions. This failure was the primary cause of delay and wasted judicial resources. Had Plaintiffs sought the appropriate relief, the Court likely would have quashed the notices and ordered these Plaintiffs to be deposed in January, obviating the need for a scheduling order extension or sanctions motions. But Defendants are not blameless. The proposed January dates, while not Defendants' preferences, were within the discovery deadline, and the Court had instructed Defendants to accommodate Plaintiffs' schedules. Defendants elected to proceed with

depositions that would not be attended, rather than reschedule them or seek Court intervention. At this time, the factors do not weigh in favor of dismissal, and Defendants' requested sanction of dismissal is denied.

### B. Fees and Costs

Plaintiffs failed to appear for noticed depositions or seek protection from the Court, causing disruption of the judicial process. At the same time, Defendants failed to accommodate those Plaintiffs who proposed alternate dates or otherwise seek relief from the Court prior to proceeding with the depositions. In these circumstances, the Court finds that only nominal sanctions are appropriate. Therefore, the Court awards court reporter costs incurred by Defendants in connection with all noticed depositions. *See Batt*, 438 F. Supp. 2d at 1318 (finding minimal sanctions warranted because noticing party "was not entirely without blame" and awarding court reporter costs as sanction).

## III. Motion to Compel

Defendants' Motion to Compel, which requests completed responses to individualized written discovery, is granted. Plaintiffs' counsel has now completed written discovery for sixteen Plaintiffs and is granted until February 1, 2018, to provide written discovery for the remaining Plaintiffs. The Court declines to impose costs and fees in conjunction with granting the motion to compel. Any late productions are justified due to the large number of Plaintiffs and documents requested. Further, Defendants had documents in advance of most, if not all, of the prior depositions and will have written discovery prior to the remaining depositions.

**IV.     Remaining Depositions**

   **A.     Foreign Plaintiffs**

There are three foreign Plaintiffs, one of whom resides in Russia and two of whom reside in Southeast Asia. At the September 28, 2017 hearing, the Court ordered that any foreign Plaintiffs would also be deposed in Oklahoma unless the Court ordered otherwise at a future time. But the Court expressed concern about these depositions and ordered the parties to schedule them last. The Court now orders that depositions of Plaintiffs Goncharov, Swanda, and Fuller shall take place by video conference at a mutually agreeable time.

   **B.     Scheduling**

No later than February 5, 2018, but as soon as possible, Plaintiffs' counsel shall provide proposed deposition dates for the remaining Plaintiffs. These dates must be prior to the discovery deadline of March 19, 2018. Defendants shall make efforts to accommodate these dates. If there are Plaintiffs for whom mutually agreeable dates cannot be agreed upon, the parties are to notify the Court and request a telephone conference no later than February 12, 2018.

**V.     Conclusion**

Defendants' Motions for Sanctions (ECF Nos. 180, 187) are GRANTED in part and DENIED in part. Defendants are awarded a nominal sanction in the form of court reporter costs, which shall be paid by Plaintiffs' counsel. Defendants are ordered to provide a statement of these costs no later than ten days from the date of this Order.

Defendants' Motion to Compel (ECF No. 174) is GRANTED, and Plaintiffs shall submit completed written discovery to Defendants no later than February 1, 2018.

The parties are to comply with the deadlines and orders in Part IV of this Order regarding the remaining depositions. **Plaintiffs are warned that dismissal is a possible and likely sanction**

**for failing to appear for these depositions. Plaintiffs' counsel is ordered to provide Plaintiffs a copy of this Opinion and Order.**

**SO ORDERED** this 29th day of January, 2018.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**