# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOSEPH GOODLY, on behalf of himself and other persons similarly situated,

    Plaintiffs,

v.

CHECK-6, INC., YAREMA SOS, BRIAN BRURUD, DENNIS ROMANO, S. ERIC BENSON, LAURA OWEN, and JOHN DILLON,

    Defendants.

Case No. 16-CV-334-GKF-JFJ

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment [Doc. No. 300] of defendants Dennis Romano, S. Eric Benson, Laura Owen, and John Dillon. The movants argue they are entitled to summary judgment because they are not "employers" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs do not oppose the motion as it pertains to defendants Romano, Benson, and Dillon. [Doc. No. 321]. Accordingly, the court grants the motion with respect to those defendants. In contrast, Plaintiffs do oppose the motion as it pertains to defendant Owen. [*Id.*] For the reasons set forth below, the court also grants the motion with respect to defendant Owen.[1]

### I. Standard of Review

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[1] The instant motion does not apply to the period when defendant Owen served as the interim CEO of Check-6, Inc. [Doc. No. 300, p. 14 n.1]. Regarding that carved-out period, defendant Owen adopts the arguments in the Motion for Summary Judgment [Doc. No. 293] of defendants Check-6, Inc., Yarema Sos, and Brian Brurud. The court will address that motion separately and does not rule on those arguments now.

Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted). In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## II. Analysis

Plaintiff Joseph Goodly alleges that Check-6, Inc. ("Check-6") failed to pay him and other employees overtime compensation as required by the FLSA. [Doc. No. 1]. Defendant Owen served as a director of Check-6 from December of 2014 through March of 2018, and she served as its interim CEO from August of 2015 through March of 2016—a period of approximately eight months. [Doc. Nos. 300, p. 10 ¶ 45; 321, p. 1 n.1]. In the instant motion, defendant Owen seeks summary judgment "for all time periods other than August, 2015 through March, 2016," on the ground that she was not an "employer" of Plaintiffs within the meaning of the FLSA when she was

not serving as Check-6's interim CEO. [Doc. No. 300, p. 14]. Plaintiffs oppose limiting defendant Owen's liability to the time she was interim CEO. [Doc. No. 321, p. 2].

Plaintiffs do not dispute that they must show defendant Owen was an "employer" within the meaning of the FLSA in order to hold her personally liable. *See* 29 U.S.C. §§ 207(a) (imposing overtime requirements on every "employer" subject to the FLSA's terms), 216(b) (allowing suit for damages against any "employer" who violates section 207). The issue is therefore whether defendant Owen was an "employer" of Plaintiffs when she was solely a director of Check-6.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). When assessing an alleged employer–employee relationship in an FLSA case, the Tenth Circuit generally focuses on the "economic realities" of the relationship. *See, e.g.*, *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1235 (10th Cir. 2018); *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). The Tenth Circuit has considered numerous factors, including whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records. *See, e.g.*, *Baker*, 137 F.3d at 1440 (concluding plaintiffs were "employees" under the FLSA); *Hodgson v. Okada*, 472 F.2d 965, 968–69 (10th Cir. 1973) (concluding defendants were "employers" under the FLSA).

The parties have not cited—and the court has not identified—any decisions of the Tenth Circuit Court of Appeals directly addressing the imposition of personal liability under the FLSA on individuals acting in their capacities as corporate officers or directors. Nevertheless, several other courts have discussed the issue and applied similar analyses based on the economic realities

3

of the parties' relationships.  *See, e.g.*, *Lopez v. Next Generation Constr. & Envtl., LLC*, No. 16-CV-00076-CMA-KLM, 2016 WL 6600243, at *3 (D. Colo. Nov. 8, 2016) (collecting cases).

Here, Plaintiffs have presented no evidence to support a finding that, in her capacity as a director of Check-6, defendant Owen was an "employer" within the meaning of the FLSA.  For example, Plaintiffs have not identified any evidence that defendant Owen hired, fired, supervised, controlled, or trained the Plaintiffs; that she set their work schedule, work conditions, or pay; or that she maintained their employment records.  Plaintiffs do not dispute that they had little contact with or knowledge of defendant Owen during the relevant period.  [Doc. Nos. 300, pp. 6–10 ¶¶ 5, 7, 8, 11, 15, 17, 20, 22, 23, 26, 29, 30, 33, 35, 37, 42, 44; 321, p. 1 n.1].

Plaintiffs cite *Donovan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983), in which the First Circuit held that "a *corporate officer with operational control* of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  712 F.2d at 1511 (emphasis added).  However, Plaintiffs do not explain how *Donovan* supports imposing liability on defendant Owen for alleged violations that occurred when she was solely a director—not an officer—of Check-6.  *Contra id.* at 1514 ("Our holding is narrow.  We review the liability of corporate officers with a significant ownership interest who had operational control . . . ."); *but cf. Phillips v. Carpet Direct Corp.*, No. 16-CV-02438-MEH, 2017 WL 121630, at *9 (D. Colo. Jan. 10, 2017) (finding allegation that defendant was corporate director insufficient to state claim for individual liability under the FLSA).  Nor do Plaintiffs explain why defendant Owen's service as Check-6's interim CEO should expose her to retroactive liability for FLSA violations that occurred before she was the interim CEO.

The court finds that there is no genuine dispute as to any material fact and concludes, based on the totality of the circumstances, that defendant Owen was not an "employer" within the

meaning of the FLSA when she was solely a director of Check-6. As such, defendant Owen is entitled to judgment as a matter of law to the extent Plaintiffs assert claims against her for FLSA violations that occurred outside the period August of 2015 through March of 2016, when she served as Check-6's interim CEO.

WHEREFORE, the Motion for Summary Judgment [Doc. No. 300] of defendants Dennis Romano, S. Eric Benson, Laura Owen, and John Dillon is granted.

IT IS SO ORDERED this 19th day of September, 2018.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE