IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH GOODLY, on behalf of himself and other persons similarly situated, | ) ) ) | |
| Plaintiffs, | ) | Case No. 16-CV-334-GKF-JFJ |
| | ) | |
| v. | ) ) | |
| CHECK-6, INC.; YAREMA SOS; BRIAN BRURUD; DENNIS ROMANO; S. ERIC BENSON; LAURA OWEN; and JOHN DILLON, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Compel Non-Party Deponent to Answer Deposition Questions (ECF No. 345), which seeks to reopen the deposition of non-party Ronald Monsour. Defendants also request an award of reasonable attorneys' fees and costs incurred in connection with obtaining the requested Order as a sanction for counsel's impeding, delaying, and frustrating the fair examination of Mr. Monsour, pursuant to Federal Rule of Civil Procedure 30(d)(2), and/or as a discovery sanction pursuant to Rule 37(a)(5)(A). Mr. Monsour argues the motion was untimely filed and that counsel's deposition objections were justified due to Defendants' counsel's harassment of Mr. Monsour.

The Court grants the motion to compel for two reasons. First, the motion was timely filed. Mr. Monsour's deposition was taken within the discovery deadline, and the original motion to compel was filed only a few weeks after the discovery deadline and within a reasonable time after the deposition. The Court would not have denied the motion as untimely when originally filed.

The Court denied the motion on grounds that it was filed in the improper forum and held that the motion must be filed in Louisiana. ECF No. 310. After Defendants obtained local counsel and filed the motion in Louisiana, the Louisiana court transferred the motion to this Court. ECF No. 348. Although other scheduling order deadlines – including deposition designations – have now passed, that is the result of Defendants following procedural steps required by this Court rather than Defendants' delay or other strategic choices.[1] Further, the District Court struck remaining deadlines pending rulings on dispositive motions, and there is time to complete the deposition prior to trial. It appears Defendants still desire to reopen this deposition, despite the late stage of these proceedings, and Defendants should not be deprived of that opportunity on grounds of untimeliness. Neither Plaintiffs nor Mr. Monsour will suffer prejudice as a result of reopening his deposition outside the discovery deadline.

Second, Defendants have clearly met their burden to show cause for compelling the reopening of Mr. Monsour's deposition. Mr. Monsour's counsel, who is also Plaintiffs' counsel, instructed the witness not to answer numerous questions on grounds of relevance. This clearly violates Rule 30(c)(2), which permits an instruction not to answer "only when necessary to preserve a privilege, to enforce a limitation imposed by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 37(c)(2); *RTC v. Dabney*, 73 F3.d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance."); *Harley Davidson Credit Corp. v. Flint*, No. 13-CV-2026-KHV-TJJ, 2014 WL 505357, at *4 (D. Kan. Feb. 7, 2014) ("A witness may not refuse to answer a question at deposition on the basis of relevance.").

---

[1] The circumstances surrounding this motion to compel are distinguishable from those surrounding the motion to compel Mr. Rutherford's deposition, particularly because this motion involves obstructionist tactics by opposing counsel during a deposition and because Defendants promptly sought relief from the compliance court. *See* ECF No. 338.

On repeated occasions during the deposition, Mr. Monsour's counsel instructed him not to answer on grounds of relevance.  Defendants' counsel cited the proper rule during the deposition and made an appropriate record of Mr. Monsour's counsel's refusal to comply.  Upon review of the transcript excerpts cited by the parties, the Court finds nothing harassing or improper about Defendants' counsel's questions and finds no justification for the obstructionist objections.  Such objections not only delayed Defendants' receipt of answers to which they were entitled but also resulted in collateral litigation culminating in this Order.  Accordingly, Defendants are entitled to an order reopening the deposition for the purpose of obtaining answers to questions that were asked but not answered due to improper objections.

The Court also grants Defendants' request for a reasonable fee award pursuant to Federal Rule of Civil Procedure 37(d)(2) and Rule 37(a)(5)(A) and imposes such award against counsel for Mr. Monsour.[2]  Mr. Monsour's counsel is an experienced attorney who has argued before the undersigned on behalf of Plaintiffs.  In the unlikely event he was unaware of Rule 30(c)(2)'s limitations on instructing a witness not to answer on grounds of relevance, Defendants' counsel cited the rule during the deposition.  The Court finds Mr. Monsour's counsel frustrated the fair examination of Mr. Monsour, *see* Fed. R. Civ. P. 37(d)(3), and that counsel had no substantial justification for forcing Plaintiff to file the motion to compel these deposition responses, *see* Fed. R. Civ. P. 37(a)(5)(A).  The Court orders Mr. Monsour's counsel, who is responsible for the discovery violations at issue and ensuing motion practice, to pay all reasonable fees incurred in

---

[2] Sanctions were clearly raised and requested in Defendants' Motion to Compel.  *See* ECF No. 345 at 2, 12-13.  Counsel for Mr. Monsour had a full opportunity to respond to the request for a discovery sanction.  *See Dabney*, 73 F.3d at 268 ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements.").

connection with obtaining this Order and all reasonable fees and expenses incurred in re-opening the deposition.

Defendants' Motion to Compel Non-Party Deponent to Answer Deposition Questions (ECF No. 345) is GRANTED, and Defendants may reopen the deposition of Mr. Monsour for the limited purpose of answering questions previously propounded to him at a duly-noticed deposition held May 25, 2018.

Defendants' request for attorneys' fees and expenses as a discovery sanction is granted pursuant to Rule 37(a)(5)(A), and counsel for Mr. Monsour is ordered to pay Defendants' reasonable fees and expenses incurred in connection with obtaining this Order and fees to be incurred in reopening the deposition.

SO ORDERED this 16th day of October, 2018.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT